UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

DAVID HOLLIS                    CIVIL ACTION NO. 06-1762

VERSUS                          U.S. DISTRICT JUDGE DEE D. DRELL

CENTENNIAL COMMUNICATIONS,
     CORPORATION, et al       U.S. MAGISTRATE JUDGE JAMES D. KIRK


REPORT AND RECOMMENDATION

Before the court is plaintiff's motion to remand, as supplemented, **Doc. #'s 9 & 25**, referred to me by the district judge for report and recommendation.

This suit is filed by plaintiff against his former employer claiming wrongful termination from his job as district manager, religious discrimination, failure to timely pay wages, and failure of the employer to send notice of his rights regarding life insurance, causing loss of coverage. Plaintiff claims he was employed by "Centennial" and defines Centennial as including the defendants, Centennial Communications Corporation, Centennial Incorporated, Centennial Louisiana Holdings Corp. and Centennial Hammond Cellular Corp.

Defendants timely removed the case to this court on the basis of diversity jurisdiction and on the basis of federal question jurisdiction. Defendants assert that some of the defendants are "fraudulently" joined, that is that plaintiff has no reasonable possibility of recovering against them because they were not plaintiff's employer, and claim that the only remaining defendant,

Centennial Communications Corporation (Centennial), is diverse. Defendants also contend that federal question jurisdiction is present under ERISA[1] because of plaintiff's claim regarding life insurance benefits.

Plaintiff filed the instant motion for remand asserting that one defendant, Centennial Hammond Cellular Corp. has its principal place of business in Louisiana and is thus non-diverse and that Centennial Louisiana Holdings Corp. "obviously has a clear Louisiana connection."

After the filing of the motion to remand, plaintiff filed a supplemental and amending complaint dismissing his claim regarding loss of life insurance, and attempting to reduce his diversity claim below $50,000.[2] Plaintiff reported in the amendment that he had become employed during the week of February 26, 2007, thereby reducing his claim. Plaintiff amended his motion to remand to argue that, because his demand had been reduced, and because there is no longer a federal question, the case should be remanded to the state court.

<u>Federal Question Jurisdiction</u>

Plaintiff's claim, set forth in his original petition in state court, claims damages in the form of the loss of life insurance benefits which he had as an employee of defendants. He claims that the defendants did not provide him proper notice of his options

---

[1] Employee Retirement Income Security Act, 29 U.S.C. §1001, *et seq.*

[2] The jurisdictional limit of federal court is $75,000, not $50,000. 28 U.S.C.. 1332.

regarding continuing or obtaining benefits. Plaintiff did not expressly invoke the provisions of ERISA.[3] A careful reading of plaintiff's complaint reflects that only state law causes of action were set forth.  Pursuant to the well-pleaded complaint rule, a cause of action arises under federal law and removal is proper only if a federal question is presented on the face of plaintiff's properly pleaded complaint.  <u>Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern California</u>, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).  A federal defense to a plaintiff's state law cause of action ordinarily does not appear on the face of the well-pleaded complaint and, therefore, usually is insufficient to warrant removal to federal court.  <u>Gully v. First Nat. Bank</u>, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936). Therefore, the defense of preemption ordinarily is not sufficient justification for removal to federal court.  However, our Supreme Court has recognized an exception to the well-pleaded complaint rule, the complete preemption exception.  <u>Metropolitan Life Ins. Co v. Taylor</u>, 481 U.S. 581, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987).

As concerns ERISA, complete preemption occurs where the suit seeks to recover benefits due under the terms of the plan, to enforce rights under the terms of the plan or to clarify rights under the terms of the plan.  *See* §502(A)(1)(B), 29 U.S.C.

---

[3] Neither did plaintiff expressly invoke the provisions of COBRA (Consolidated Omnibus Budget Reconciliation Act) amending ERISA nor are the requirements of notice and continuation of coverage provided by COBRA expressly raised as a basis for federal jurisdiction by defendants. In any event, because the life insurance claim has been dismissed, this potential issue is moot and need not be addressed.

1132(a)(1)(B), which is ERISA's civil enforcement provision.

Claims which fall outside the scope of §502, even though preempted by ERISA, §514(a), are still governed by the well-pleaded complaint rule and are not removable under the complete preemption principles established in Metropolitan Life. *See* Powers v. South Central United Food & Commercial Workers Unions and Employers Health & Welfare Trust, 719 F.2d 760 (5th Cir. 1983). *See also* Dukes v. U.S. Healthcare, Inc., 57 F.3d 350 (3rd Cir. 1995), *cert. den.,* 516 U.S. 1009, 116 S.Ct. 564, 133 L.Ed.2d 489 for an excellent discussion of the principles repeated here.

In this case, it is unnecessary to decide whether plaintiff's claim here concerns, on the one hand, the "quality" of his benefits or, on the other hand, his right to enforce entitlement to benefits. For plaintiff has dismissed his life insurance claim altogether; thus there is no ERISA claim of any kind and no federal question to be decided. We have no federal question jurisdiction now. See In re Shell Oil Company, 932 F.2d 1518 (5th Cir. 1991).[4]

## Diversity Jurisdiction

The applicable statute, 28 U.S.C. § 1332(a), gives federal district courts original "diversity" jurisdiction over suits between citizens of different states if the amount each plaintiff seeks exceeds $75,000.  28 U.S. § 1332(a); *Caterpillar v. Lewis,* 519 U.S. 61, 62, 117 S.Ct. 467, 469 (1996).  All plaintiffs must be

---

[4] However, as In re Shell makes clear, this court still has supplemental jurisdiction over any non-diverse state law claims and the discretion to remand or retain any such claims.

diverse from all defendants for the court to have diversity
jurisdiction.  Exxon Mobil Corp. v. Allapattah Services, Inc., 125
S.Ct. 2611, 2635 (2005).  Therefore, where one plaintiff and one
defendant are from the same state, ordinarily federal courts have
no jurisdiction under § 1332.  However, any party may argue that
such a case is removable on the basis that complete diversity *would*
exist if not for the fact that the non-diverse parties have been
improperly joined in the suit.   "Improper Joinder" can be
established by actual fraud in the pleading of jurisdictional
facts, or an inability of a plaintiff to establish a cause of
action against a defendant in state court.  McKee v. Kansas City
Southern Railway Co., 358 F.3d 329, 333 (5th Cir. 2004); Travis v.
Irby, 326 F.3d 644, 647 (5th Cir. 2003).

Fraudulent Joinder

Defendants suggest that the only proper defendant is
Centennial Communications Corp. and that it is diverse. Defendants
point out that Centennial Incorporated is not related to the other
Centennial companies and is not a proper defendant. Further,
defendants point out, supported by affidavit evidence, that
plaintiff was employed by Centennial Claiborne Cellular Corp. which
is not named as a defendant, not by Centennial Louisiana Holdings
Corp. or Centennial Hammond Cellular Corp. Therefore, of the four
companies named as a defendant, one is totally unrelated to the
plaintiff or the other defendants, two were not plaintiff's
employer and the remaining one, Centennial Communications Corp. is

diverse, being a Delaware corporation with its principal place of business in New Jersey. Plaintiff has not rebutted nor attempted to rebut the affidavit evidence produced by defendants.[5]

In discerning whether a non-diverse defendant has been fraudulently joined, the court must determine whether the plaintiff has any possibility of recovering against the non-diverse defendant. <u>Carriere v. Sears, Roebuck and Co.</u>, 893 F.2d 98, 100-101 (5th Cir.) 1990. In this case, there is no possibility of plaintiff recovering against Centennial Incorporated, Centennial Louisiana Holdings Corp., or Centennial Hammond Cellular Corp.

<u>Amount in Dispute</u>

Plaintiff, by amending complaint reduced his claims to less than the jurisdictional limits of this court and then renewed his argument that the case should be remanded. It is well settled that the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. However, the Fifth Circuit has applied different standards of proof, depending upon whether the complaint prays for a specific amount of damages. <u>Allen v R & H Oil and Gas Co.</u>, 63 F.3d 1326 (5th Cir. 1995). Where the complaint alleges entitlement to damages which exceed the jurisdictional limits of the court, now $75,000, the court may refuse jurisdiction only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount. <u>St.</u>

---

[5] Plaintiff's state court petition is not verified. Although plaintiff, by motion, asked the court to allow depositions of defendants on the diversity issue, the defendants have voluntarily provided the necessary information regarding their corporate structure.

Paul Mercury Indemnity Co. v. Red Cab. Co., 58 S. Ct. 586 (1938).
Where a specific amount of damages is not set forth, the legal
certainty test is not applicable.  Instead, the removing defendant
must prove by a preponderance of the evidence that the amount in
controversy exceeds $75,000.  DeAquilar v. Boeing Co., 11 F.3d 55
(5th Cir. 1993) (DeAguilar I).

In Louisiana, plaintiffs are prohibited by state law from
specifying the amount of damages sought. La. Code Civ. P., Art.
893.  In such a situation, the removing defendant must prove by a
preponderance of the evidence that the amount in controversy
exceeds $75,000. De Aquilar I, supra.  The defendant may make this
showing in either of two ways: (1) by demonstrating that it is
"facially apparent" from the complaint that the claims are likely
above $75,000, or (2) "by setting forth the facts in
controversy-preferably in the removal petition, but sometimes by
affidavit-that support a finding of the requisite amount." Allen,
63 F.3d at 1335.  See Luckett v. Delta Airlines, Inc. 171 F.3d 295
(5th Cir. 1999). Plaintiff may, however,  cite to a state statute
for example, that prohibits recovery of more than the amount
sought.  DeAquilar v. Boeing Co., 47 F.3d 1404 (5th Cir. 1995) (De
Aquilar II). Otherwise, a litigant who wants to prevent removal
must file a binding stipulation or affidavit with his petition. Id.

Removal may not be based upon conclusory allegations and the
jurisdictional facts that support removal must be judged at the
time of removal.

Once jurisdiction is established, subsequent events that

reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction. St. Paul Mercury, supra.   While post removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits or stipulations and amendments may be considered only if the basis for jurisdiction is ambiguous, that is not "facially apparent", at the time of removal.   Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880 (5th Cir. 2000); Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Columbia S. A., 988 F.2d 559, 565 (5th Cir. 1993), cert. den., 114 S. Ct. 685 (1994); St. Paul Mercury, supra.   See also,   (De Aguilar II).   Any post-petition affidavits or stipulations are allowable only if relevant to the time of removal. Allen, 63 F.3d  at 1335.

Plaintiff's claims, set forth in his original petition clearly state a claim for damages in excess of the jurisdictional limits of this court. His claim that he "was on pace to earn approximately $200,000 in 2006", while claiming lost earnings and lost earning capacity far exceeds the jurisdictional limits. Plaintiff's belated attempt to reduce, rather than clarify[6], the amount of damages sought, albeit made in good faith, does not suffice to destroy this court's jurisdiction. De Aguilar II, St. Paul Mercury, both supra.

Because, for the foregoing reasons this court has diversity

---

[6]  A party may only clarify the amount in dispute if the claim, as originally set forth, is ambiguous.

jurisdiction, IT IS RECOMMENDED THAT the motion to remand be DENIED. It is FURTHER RECOMMENDED that plaintiff's request for discovery be DENIED AS MOOT.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 4th day of April, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

10